O

# United States District Court
# Central District of California

| | |
|---|---|
| ALLA ANATOLYEVNA ZORIKOVA, <br><br> Plaintiff, <br><br> v. <br><br> KINETICFLIX, LLC, <br><br> Defendants. | Case № 2:19-CV-04214-ODW (GJSx) <br><br> **ORDER DENYING DEFENDANT KINETICFLIX, LLC'S MOTION TO DISMISS [30, 33, 38, 44, 48]** |

## I. INTRODUCTION

Presently before the Court is Defendant Kineticflix, LLC's ("Kineticflix") Motion to Dismiss for insufficient process and insufficient service of process. (Mot. to Dismiss ("Mot."), ECF Nos. 30.) For the reasons below, the Court **DENIES** Kineticflix's Motion.[1]

## II. FACTUAL BACKGROUND

This action arises from allegations by Plaintiff Alla Anatolyevna Zorikova ("Zorikova") that Kineticflix reproduced, distributed, and publicly displayed

---

[1] Having carefully considered the papers filed in connection to the instant Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Court construes Zorikova's Motion to Strike as its opposition to Kineticflix's Motion.

Zorikova's copyrighted audiovisual work titled "Ballet Class Victor Kabaniaev DVD" ("Subject Video"). (Compl. ¶ 1.) Zorikova alleges Kineticflix published the Subject Video on Kineticflix's website without her authorization. (Compl. ¶ 15.) On October 21, 2016, Zorikova mailed a cease and desist letter to Kineticflix's address at 43250 Shoshoni Loop, Fall River Mills, California but did not receive a response. (Compl. ¶¶ 16–17.) On May 15, 2019, Zorikova filed this action as a pro se plaintiff in the Central District of California. (*See* Compl. 1–10.)

Zorikova alleges Olivia Jeong ("Jeong"), not a party to this lawsuit, properly served Kineticflix through Jack Einwechter ("Einwechter"), Kineticflix's appointed service of process agent, on July 25, 2019. (Proof of Service, ECF No. 16; Pl.'s Opp'n Ex. 2, ECF No. 33-2.) An affidavit states Jeong went to the address listed through the California Secretary of State website and encountered a man with gray hair. (Decl. of Olivia Jeong II ("Jeong Decl. II") ¶¶ 4–5, ECF No. 49.) When Jeong inquired as to the whereabouts of the law office of Mr. Einwechter, the man responded he was Mr. Einwechter. Jeong, then, handed Einwechter full copies of Summons and Complaint. (Jeong Decl. II ¶¶ 4–5.)

On September 6, 2019, Kineticflix filed a Motion to Dismiss for defective process and insufficient service of process. (Mot. to Dismiss 1,6 ("Mot."), ECF No. 30.) Kineticflix alleges the attempted service of process was defective and insufficient because it was served by Zorikova herself, was not properly addressed to the Defendant and did not include a complete copy of the complaint. (Mot. 2.) On September 9, 2019, Zorikova filed a Motion to Strike. (Pl.'s Opp'n ("Opp'n"), ECF No. 33.)

### III.   DISCUSSION

At issue is whether Zorikova provided adequate service and service of process. Court now determines whether Zorikova's complaint should be dismissed pursuant to 12(b)(4) or (5).

**A. Adequacy of Service Under 12(b)(4)**

Kineticflix seeks dismissal of Zorikova's complaint because Zorikova failed to provide Kinectiflix a complete copy of the Complaint with the Summons. (Mot. 3-4.)

Under Federal Rule of Civil Procedure ("Rule") 12(b)(4), a party may seek dismissal of a complaint for insufficient process. Fed. R. Civ. P. 12(b)(4). The sufficiency of process is governed by Rule 4, which requires, among other things, that a summons must "name the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A)–(B). Rule 4 states that service of process on a corporation can be affected in several ways, including "delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Thus, "dismissal is generally not justified absent a showing of prejudice." *Id.* (citations omitted). If service of process is insufficient, the district court has discretion to dismiss an action or quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

Here, the Court determines that Kineticflix received sufficient notice of the complaint. For example, Kineticflix's counsel, John Hyatt ("Hyatt"), states that Kineticflix had lawfully purchased a CD of the subject ballet class video, that Kineticflix lawfully rented the Subject Video, and that Kineticflix did not infringe on Zorikova's intellectual property rights. (Decl. of John Hyatt ¶ 2, ECF No. 30-3.) Based on the correspondence between the parties regarding the matter, Kineticflix appears to have adequate notice of the Complaint.

Furthermore, Kineticflix does not argue that the lack of service is prejudicial; instead, it argues only that the first page of the Complaint was delivered to Mr. Einwechter with the summons. (Mot. 3.) Kineticflix alleges that the service of a

partial complaint is insufficient, citing *Cherry v. Spence*, 249 F.R.D. 226, 229 (E.D.N.C. 2008). The use of *Cherry* is misplaced. In *Cherry*, plaintiff attempted to complete service by faxing only the first page of his complaint, without a summons, and thus failed to provide complete service. *Id.* at 227. Here, Kineticflix alleges that Zorikova delivered only the first page of the Complaint to Einwechter with a one-page summons. (Def.'s Mem. 2–3, ECF No. 30-5.) Furthemore, Zorikova opposes Kineticflix's assertion by submitting the Jeong's affidavit, which states that Jeong served Einwechter "true and correct copies of full complaint, summon[s], and exhibits." (Jeong Decl. II ¶ 6.)

Also, in *Cherry*, plaintiff attempted to serve multiple defendants by faxing the documents to the Henderson Police Department. *Cherry*, 249 F.R.D. at 229. Here, unlike in *Cherry*, Zorikova did not attempt to fax the service to Kineticflix, but rather hired Jeong to personally serve Einwechter. (Proof of Service, ECF No. 16.) As the Ninth Circuit has held that the court is to liberally construe Rule 4, the Court finds that Kineticflix received sufficient notice of the Complaint. *United Food & Commercial Workers Union*, 736 F.2d at 1382.

In the absence of prejudice, dismissal is not warranted. *See Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, No. 09-cv-2140 PSG (JCx), 2009 WL 3346784, at *3 (C.D. Cal. Oct. 13, 2009) (finding that dismissal was not warranted in the absence of prejudice). Here, Kineticflix has not mentioned how the alleged insufficient process has resulted in prejudice against it and only requests that the Court dismiss the case pursuant to Rule 12(b)(4). Thus, Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(4) is **DENIED**.

**B. Whether Service was Proper Under 12(b)(5)**

Under Rule 12(b)(5), a party may seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, [the] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The process server's return of

service is generally accepted as prima facie evidence of valid service. *SEC v. Internet Solutions for Business, Inc.*, 509 F3d 1161, 1166 (9th Cir. 2007); *see Sikhs for Justice v. Badal*, 736 F3d 743, 746 (7th Cir. 2013) (process server's "affidavit of service is entitled to a presumption of correctness.")

A presumption of valid service "can be overcome only by strong and convincing evidence." *SEC*, 509 F3d at 1166 (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). Thus, a defendant must do more than just merely allege that service was defective. *Perciballi v. Ng*, No. SACV0801168JVSANX, 2010 WL 11595731, at *3 (C.D. Cal. Mar. 8, 2010) (quoting *FROF, Inc. v. Harris,* 695 F.Supp. 827, 829 (E.D.Pa.1988) ("a bare allegation by a defendant that he was improperly served cannot be allowed to bely the private process server's return")). "Unless the defect in service is established on the face of the return, defendant's motion to dismiss (or 'quash service') must be supported by declaration or other form of admissible evidence establishing the lack of proper service." *Sarafyan v. Elson*, No. CV 18-9574-GW(KSX), 2019 WL 3308770, at *3 (C.D. Cal. Feb. 21, 2019) (quoting O'Connell & Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial* ¶ 5:350 (2018)).

Once service is challenged the plaintiff bears the burden of establishing that service was valid under Rule 4. *United Med. Devices, LLC v. Blue Rock Capital, Ltd.*, No. 16-cv-1255 PSG (SSX), 2016 WL 9047123, at *1 (C.D. Cal. Aug. 5, 2016) (citing *Brockmeyer*, 383 F.3d at 801). "In determining whether the plaintiff has met its burden under Rule 4, the Court is permitted to 'weigh and determine disputed issues of fact.'" *United Med. Devices, LLC*, 2016 WL 9047123, at *1 (citing Schwarzer, Tashima & Wagstaffe, *Cal. Rutter Group Practice Guide: Fed. Civ. Pro. Before Trial* ¶ 9:152 (2010)).

Kineticflix makes two arguments why service was not proper under Rule 12(b)(5). The Court now addresses each argument in turn.

### i. Plaintiff Attempted to Personally Serve the Summons

Rule 4(c)(2) states that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Kineticflix alleges that "the Plaintiff personally delivered the defective summons to Mr. Einwechter." (Mot. 4.) Kineticflix solely relies on the affidavit of Einwechter as proof that Zorikova served the complaint and summons herself. *See Lerma v. Stylistics Los Angeles Car Club, Inc.*, No. CV 12-06704 DDP JEMX, 2015 WL 349310, at *3 (C.D. Cal. Jan. 23, 2015) (finding that only an affidavit of the defendant stating he was never personally handed papers did not constitute strong and convincing evidence to establish that service was not affected.)

On the other hand, as discussed above, Jeong filed an affidavit describing that she personally served Einwechter. (Declaration of Olivia Jeong ("Jeong Decl. I") 1, ECF. No. 40.) In Jeong's second affidavit, she further alleges that she ran into a man with grey hair and asked where the law office of Jack Einwechter is, and he responded, "I am Mr. Einwechter." (Jeong Decl. II ¶¶ 4–5.) Accordingly, Jeong's sworn affidavit on its face demonstrates sufficient service on Kineticflix. *SEC*, 509 F3d at 1166 (process server's sworn affidavit on its face proves sufficient service on a defendant). Kineticflix only alleges that Zorikova herself served the summons and complaint in Einwechter's declaration. (Decl. of John P. Einwechter ("Einwechter Decl.") ¶ 4, ECF No. 30-2.) Accordingly, the return process filed and Jeong's supplemental affidavits are sufficient to hold that Jeong, not Zorikova, served the process on Einwechter. *SEC*, 509 F3d at 1166. Therefore, Kineticflix has not presented strong and convincing evidence to overcome the evidence presented by Zorikova.

### ii. The Summons was not Addressed to the Defendant

Under Rule 4(h)(1)(B) a plaintiff may serve a defendant "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or

any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, Kineticflix first argues that "there is no entity named 'KineticFlix, LLC.' Rather, Elles, LLC, a California limited liability company, does business as 'KineticFlix.com.' Mr. Einwechter is the designated agent for service of process for Elles, LLC and KineticFlix.com." (Mot. 3.)

In opposition, Zorikova requests that the Court take judicial notice of an LLC-12 Form. (Opp'n, Ex. 2 LLC-12 Form ("LLC Form"), ECF No. 33-2.) Federal Rule of Evidence 201 provides: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . .can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of government documents and public records. *See Peruta v. Cty. of San Diego*, 678 F. Supp. 2d 1046, 1054 n.8 (S.D. Cal. 2010) (stating that courts may properly take judicial notice of undisputed documents appearing on governmental websites). Here, the LLC Form is a document appearing on the California Secretary of State website. (LLC Form.) The LLC Form lists "Kineticflix LLC" and entity number "201900110201," and includes Einwechter & Hyatt, LLP ("E&H") office address as the service of process agent address. (LLC Form; Einwechter Decl. ¶ 1.) Accordingly, the Court **GRANTS** Zorikova's request for judicial notice of the LLC Form.

Zorikova asserts that Einwechter is listed as the service of process agent for Kineticflix, LLC and that Jeong served Einwechter at the E&H office, located on 172 N. Tustin Street, Orange, California. (Jeong Decl. I 1; Jeong Decl II ¶¶ 2–3.) Additionally, Einwechter has stated that he is the service of process agent for Elles, LLC dba Kineticflix.com but did not produce supporting documentation to corroborate his statement in his affidavit. (Einwechter Decl. ¶ 3.) Therefore, the Court finds that Einwechter is the proper service of process agent for Defendant Kineticflix.

Kineticflix uses *Ledonne* to argue that "[a]lthough plaintiffs are permitted to effectuate service on an agent of a defendant, the summons must nevertheless be addressed to the defendant." *Ledonne v. Gulf Air, Inc.*, 700 F. Supp. 1400, 1413 (E.D. Va. 1988). The Court finds the argument is misplaced. *Ledonne* discusses that, "[t]he FSIA establishes its own special set of rules for serving process and default judgments on foreign states and their instrumentalities." *Id*. at 1411. Here, Kineticflix has not established that it is a foreign state or an instrumentality, thus Zorikova does not have to follow the FSIA's special rules for serving process. 28 U.S.C.A. § 1608(b).

Further Kineticflix does not bring forth any support that the summons must be "addressed to the defendant." *Ledonne* is not explicit with discussing the Summons being "addressed" and Rule 4 states that a summons must, "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Here, based on the LLC Form, Einwechter is listed as the agent of service for Kineticflix, LLC. (LLC Form.) The Summons is directed to, "Kineticflix LLC, Jack Einwechter, 172 N. Tustin St., #305, Orange, CA 92867." (Compl., Ex. 2 Summons, ECF No. 1-2.) Kineticflix and Einwechter are named in the Summons, thus the Court finds that the Summons was directed to Kineticflix and Einwechter. Moreover, Kineticflix has not presented any case law stating that the address of the defendant must be listed, along with the address of the agent upon which the summons is being served. Therefore, Kineticflix's Motion to Dismiss for insufficient service of process is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Kineticflix's motion to dismiss for insufficient process and insufficient service of process. (ECF Nos. 30.) Based on the Court's determination of Kineticflix's Motion (ECF No. 30), the Court renders the parties' remaining motions moot. (ECF Nos. 33, 38, 44, and 48.) Accordingly, Kineticflix has fourteen days, from the date of this order, to file an answer to Zorikova's Complaint.

Zorikova is advised that the Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions. The Los Angeles Clinic operates by appointment only. Appointments are available either by calling the Clinic or by using an internet portal. The Clinic can be reached at (213) 385-2977, ext. 270 or through an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can respond to many questions with a telephonic appointment or through an email account. It may be more convenient to email questions or schedule a telephonic appointment. Staff can also schedule an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. Zorikova is encouraged to visit the Clinic or otherwise consult with an attorney prior proceeding in this matter.

**IT IS SO ORDERED.**

October 10, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**